FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 14 2014

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| v.   NO. 4:14CR00027-BRW | |
| LACEY RAE MOORE | DEFENDANT |

## ORDER

On February 12, 2014, Defendant Lacey Rae Moore was ordered to undergo an examination to determine her competency to stand trial and to determine whether she was legally competent at the time of the offenses she has been charged with in this case.

The United States Marshal for the Eastern District of Arkansas has informed the Court that defendant has been designated to FMC Carswell, Texas, for the examination. Accordingly, the United States Marshal is directed to transport Lacey Rae Moore to FMC Carswell, Texas, forthwith.[1]

Pursuant to 18 U.S.C. § 4247(b) and (c), Lacey Rae Moore shall be remanded to the custody of the Attorney General or his authorized representative for a period not to exceed forty-five (45) days for a psychiatric or psychological examination pursuant to 18 U.S.C. § 4242 and for a period not to exceed thirty (30) days for a psychiatric or psychological examination pursuant to 18 U.S.C. § 4241; and that unless impracticable, the psychiatric or psychological examination shall be conducted in a suitable facility closest to the Court.

Pursuant to 18 U.S.C. § 4247(c), the person conducting the examination must file a report with this Court with copies to counsel for the United States, Assistant United States Attorney

---

[1] Based on 18 U.S.C. § 3161(h)(1)(H), time consumed by transportation in excess of ten (10) days from today is presumed unreasonable under the Speedy Trial Act.

Chris Givens, Post Office Box 1229, Little Rock, Arkansas, 72203, and to counsel for the defendant, Richard E. Holiman, 1501 North University, Suite 552, Little Rock, Arkansas, 72207.

The report must state whether Lacey Rae Moore is suffering from a mental disease or defect that renders her mentally incompetent to the extent that she is unable to understand the nature and consequences of the proceedings against her or to assist properly in her defense; whether she was insane at the time of the offense; and, if she was insane, whether her release would create a substantial risk of bodily injury to another person or serious damage to property of another person.

Fourteen (14) days from the date the examination report is received by the Court and the parties, any party who requests a hearing regarding any issues in the report or opposes the report must file a motion for hearing or a motion in opposition, including a concise statement of opposition to the report and supporting authorities. If no motions are filed within fourteen (14) days, the Court will enter an Order adopting or rejecting the conclusions set forth in the report, and the period of excludable delay will end.[2]

IT IS THEREFORE ORDERED that the delay occasioned by the examination ordered herein shall be excludable under the provisions of the Speedy Trial Act as provided by 18 U.S.C. § 3161(h)(1)(A) and (H) and (h)(7)(A). Subsection (H) excludes the delay resulting from transportation to and from places of examination "except that any time consumed in excess of ten days from the date [of] . . . an order or an order directing such transportation, and the defendant's arrival at the destination shall be presumed to be unreasonable."

---

[2] 18 U.S.C. § 3161(h)(1)(A).

IT IS SO ORDERED, this 14th day of February, 2014.

                                                  */s/ Beth Miller*
UNITED STATES MAGISTRATE JUDGE