AO 245B (Rev. 09/11) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

Eastern District of Arkansas

FILED
OCT 1 0 2014
JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

| UNITED STATES OF AMERICA | ) | JUDGMENT IN A CRIMINAL CASE |
| --- | --- | --- |
| v. | ) | |
| LACEY RAE MOORE | ) | Case Number: 4:14-CR-00027-01-BRW |
| | ) | USM Number: 28516-009 |
| | ) | Richard E. Holiman |
| | ) | Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to count(s)   4 and 7 of the Indictment.

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
| --- | --- | --- | --- |
| 18 U.S.C. 844(i) | Maliciously Damaging & Destroying by Means of Fire (Arson) and Explosive Materials a Building used as a Dwelling Resulting in Injury to any Person, a Class B Felony | 6/28/2013 | 4 |

The defendant is sentenced as provided in pages 2 through ___9___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☑ Count(s)  1-3, 5-6 and 8    ☐ is  ☑ are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

10/10/2014
Date of Imposition of Judgment

_Bill Wilson_
Signature of Judge

BILLY ROY WILSON,                    U.S. District Judge
Name and Title of Judge

10/10/2014
Date

AO 245B  (Rev. 09/11) Judgment in a Criminal Case
Sheet 1A

Judgment—Page __2__ of __9__

DEFENDANT: LACEY RAE MOORE
CASE NUMBER: 4:14-CR-00027-01-BRW

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. 844(i) | Maliciously Damaging & Destroying by Means of Fire (Arson) and Explosive Materials a Building used as a Dwelling Resulting in Injury to any Person, a Class C Felony | 6/28/2013 | 7 |

AO 245B (Rev. 09/11) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page __3__ of __9__

DEFENDANT: LACEY RAE MOORE
CASE NUMBER: 4:14-CR-00027-01-BRW

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

The defendant is sentenced to the Bureau of Prisons for a term of 16 years. This term consists of 9 years (108 months) on Count 4 and 7 years (84 months) on Count 7 to run consecutively.

☑ The court makes the following recommendations to the Bureau of Prisons:

The Court recommends the defendant participate in non-residential substance abuse treatment and mental health counseling with an emphasis in anger management and impulse control during incarceration. The Court also recommends the defendant participate in the Life Changing Program (LCP) and be designated to the institution located in Carswell, (Ft. Worth) Texas.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ ☐ a.m. ☐ p.m. on _____ .

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on _____ .

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 09/11) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page 4 of 9

DEFENDANT: LACEY RAE MOORE
CASE NUMBER: 4:14-CR-00027-01-BRW

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :
5 years.

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☑   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☑   The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐   The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐   The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: LACEY RAE MOORE
CASE NUMBER: 4:14-CR-00027-01-BRW

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall participate, under the guidance and supervision of the probation officer, in a substance abuse treatment programs which may include testing, outpatient counseling, and residential treatment. Further, the defendant shall abstain from the use of alcohol throughout the course of treatment.

2. The defendant will participate in a mental health program approved by the probation office. The defendant is required to pay all or part of the cost of treatment based upon her ability to pay as determined by the probation officer.

3. The defendant will acquire and maintain verifiable employment as proven through pay stubs and tax returns submitted to the probation office.

4. The defendant shall cooperate in the collection of DNA as directed by the probation officer.

5. The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

6. Pursuant to the Mandatory Victims Restitution Act of 1996, the defendant is ordered to pay restitution in the amount of $12,558,802.82 to the United States District Clerk. During incarceration, the defendant will pay 50 percent per month of all funds that are available to her. During residential re-entry placement, payments will be reduced to 10 percent of the defendant's gross monthly income. Beginning the first month of supervised release, payments will be 10 percent per month of the defendant's monthly gross income. Interest is waived.

7. The defendant will disclose business and personal information including all assets (including unexpected financial gains) and liabilities to the probation office. The defendant will not transfer, sell, give away, or otherwise convey any asset without approval from the probation office.

8. The defendant will not make application for any loan or enter into any credit arrangement without approval from the probation office unless all criminal penalties have been satisfied.

Judgment — Page __6__ of __9__

DEFENDANT: LACEY RAE MOORE
CASE NUMBER: 4:14-CR-00027-01-BRW

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | **Assessment** | **Fine**  | **Restitution**   |
|--------|----------------|-----------|-------------------|
| TOTALS | $ 200.00       | $ 0.00    | $ 12,558,802.82   |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Maxus Properties | $5,175,405.87 | $5,175,405.87 | 100 |
| Certain Underwriters at Lloyds | $4,460,540.24 | $4,460,540.24 | 100 |
| Lexington London | $2,090,878.24 | $2,090,878.24 | 100 |
| AWAC | $418,175.65 | $418,175.65 | 100 |
| Paragon Subrogation | $10,000.00 | $10,000.00 | 100 |
| State Farm | $255,680.38 | $255,680.38 | 100 |
| Shelter Insurance | $33,423.75 | $33,423.75 | 100 |
| Allstate Insurance | $27,486.75 | $27,486.75 | 100 |
| Dorothy Allen | $500.00 | $500.00 | 100 |
| Travelers Insurance | $55,797.23 | $55,797.23 | 100 |
| Nancy Lopez | $500.00 | $500.00 | 100 |
| **TOTALS** | $ 12,558,802.82 | $ 12,558,802.82 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☑ the interest requirement is waived for the  ☐ fine  ☑ restitution.

   ☐ the interest requirement for the  ☐ fine  ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: LACEY RAE MOORE
CASE NUMBER: 4:14-CR-00027-01-BRW

## ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES

1. Pursuant to the Mandatory Victims Restitution Act of 1996, the defendant is ordered to pay restitution in the amount of $12,558,802.82 to the United States District Clerk. During incarceration, the defendant will pay 50 percent per month of all funds that are available to her. During residential re-entry placement, payments will be reduced to 10 percent of the defendant's gross monthly income. Beginning the first month of supervised release, payments will be 10 percent per month of the defendant's monthly gross income. Interest is waived.

2. The defendant will disclose business and personal information including all assets (including unexpected financial gains) and liabilities to the probation office. The defendant will not transfer, sell, give away, or otherwise convey any asset without approval from the probation office.

3. The defendant will not make application for any loan or enter into any credit arrangement without approval from the probation office unless all criminal penalties have been satisfied.

4. During incarceration, the defendant must pay 50% of her monthly funds available to her. During residential re-entry placement and beginning the first month of supervised release, payments will be 10% of her monthly gross income. The interest is waived.

DEFENDANT: LACEY RAE MOORE
CASE NUMBER: 4:14-CR-00027-01-BRW

Judgment—Page __8__ of __9__

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Helane Nelson | $500.00 | $500.00 | 100 |
| Allyson B. Pittman | $500.00 | $500.00 | 100 |
| State Farm for Tracy Ables | $29,414.71 | $29,414.71 | 100 |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: LACEY RAE MOORE
CASE NUMBER: 4:14-CR-00027-01-BRW

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ☑ Lump sum payment of $ __200.00__ due immediately, balance due

    ☐ not later than _____ , or
    ☑ in accordance ☐ C, ☐ D, ☐ E, or ☑ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☑ Special instructions regarding the payment of criminal monetary penalties:

    During incarceration, the defendant must pay 50% of her monthly funds available to her. During residential re-entry placement and beginning the first month of supervised release, payments will be 10% of her monthly gross income. The interest is waived.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.