# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**UNITED STATES OF AMERICA**

**VS.**                                  **4:14-CR-00027-BRW**

**LACEY RAE MOORE**

## ORDER

For the reasons set out below, Defendant's Motion for Compassionate Release (Doc. No. 63) is DENIED.

**I.    BACKGROUND**

On August 1, 2014, Defendant pled guilty to two counts of arson.[1] On , October 10, 2014, she was sentenced to 192 months in prison.[2]

**II.   DISCUSSION**

Although the First Step Act made the procedural hurdles for compassionate release a bit less strenuous, a defendant still must establish "extraordinary and compelling reasons" and that release would not be contrary to the 18 U.S.C. § 3553(a) factors.[3]

Before a Defendant may seek compassionate release under the First Step Act, she must first make the request with the Bureau of Prisons and exhaust her administrative remedies there.[4]

---

[1] Doc. Nos. 25, 26.

[2] Doc. Nos. 29, 30.

[3] 18 U.S.C. § 3553(a)(2) mandates that any sentence imposed reflect the seriousness of the offense, afford adequate deterrence, protect the public, and provide the defendant with appropriate rehabilitation.

[4] See *United States v. Smith*, Case No. 4:95-CR-00019-LPR-4, Doc. No. 440 (E.D. Ark. May 14, 2020) (no jurisdiction when defendant fails to exhaust administrative remedies).

Defendant alleges that she requested compassionate relief from the warden, but she provides no documentation to support this claim and it is unclear whether she fully exhausted her administrative remedies at the Bureau of Prisons.

Even if I had jurisdiction, the request would be denied. Defendant seeks compassionate release based on her asthma and hypothyroidism. First, asthma and hypothyroidism are not "extraordinary and compelling" reasons warranting release. Although the First Step Act did not define this phrase, it defers to the United States Sentencing Guidelines, which does set out examples.[5] Asthma and hypothyroidism are not listed. Defendant's health issues are common, so there is nothing extraordinary and compelling about them.[6] Furthermore, Defendant has provided no argument or evidence that her asthma and hypothyroidism are not controlled with medication. Second, "fear of contracting COVID-19 or of experiencing more intense symptoms than the average person are not extraordinary or compelling enough reasons for release."[7] Third,

---

[5] Of course, this list predates the COVID-19 outbreak. U.S.S.G § 1B1.13 cmt. n. 1. The examples are: (1) the defendant's medical condition is such that he suffers from a "terminal illness" or the condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; (2) "[t]he defendant (I) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less; (3) the defendant's family circumstances include either "(I) The death or incapacitation of the caregiver of the defendant's minor child or minor children" or "(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner."

[6] *United States v. Mitchell*, No. 5:10-CR-50067-001, 2020 WL 544703, at *3 (W.D. Ark. Feb. 3, 2020)("The medical conditions about which Mr. Mitchell complains are arguably due to the aging process, but the Court is not convinced that ordinary geriatric ailments, including back pain, rise to the level of 'extraordinary and compelling reasons' that are required to grant compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).").

[7] *United States v. Osborne*, No. 4:05-CR-00109-BSM-12, 2020 WL 3258609, at *2 (E.D. Ark. June 16, 2020).

Defendant is 50 years old and has served less than 50% of her sentence, which means she does not meet the age and minimum served-time requirement under the Guidelines.

Even if Defendant could establish extraordinary and compelling reasons, her request for relief must be denied because of the § 3553(a) factors – specifically, protecting the public from additional crimes by Defendant and reflecting the severity of the offense.

Even though the Defendant had no prior convictions, Defendant exhibited continuous dangerous behavior until her arrest. Defendant set fires at an apartment complex on several different occasions, started an explosion on the front lawn of one house, and set several car fires.

The severity of the instant offenses must also be considered.  Defendant intentionally set several fires in Little Rock, Arkansas between February 24, 2013 and June 28, 2013.  The fires caused hundreds of people to be evacuated from their residences, permanently displaced 90 residents from their homes, resulted in  $12,558,802.82 in property damage, and directly led to a firefighter's severe injury. Defendant admitted setting the fires because she was mad at her boyfriend.

## CONCLUSION

For the reasons stated, Defendant's Motion for Compassionate Release (Doc. No. 63) is DENIED.

IT IS SO ORDERED, this 6th day of August, 2020.

Billy Roy Wilson
UNITED STATES DISTRICT JUDGE
